**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JOSHUA DUANE BUTLER,

Petitioner - Appellant,

v.

KEVIN LEDBETTER,

Respondent - Appellee.

No. 24-7002
(D.C. No. 6:23-CV-00433-RAW-GLJ)
(E.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Joshua Duane Butler requests a certificate of appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2254 application for failure to exhaust state remedies. We deny a COA and dismiss this matter.

## BACKGROUND

In 2022, Butler pleaded guilty to two felony offenses in Case No. CF-2019-00260 in the district court for Okmulgee County, Oklahoma. The state district court sentenced him to two terms of 35 years' imprisonment,

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

suspended, to run concurrent with each other and with the sentence imposed in a separate criminal case.

In August 2023, the State moved to revoke the suspended sentences in No. CF-2019-00260. In December 2023, Butler moved to rescind his guilty plea on the ground that prosecuting attorney Carman Rainbolt[1] had a conflict of interest. The state district court denied the motion on January 3, 2024.

In the meantime, also in December 2023, Butler filed a § 2254 application in federal district court requesting to rescind his plea in No. CF-2019-00260. As in state court, he alleged Rainbolt had a conflict of interest. He explained Rainbolt not only prosecuted him, but also defended the county sheriff in a separate civil case Butler brought in federal court. Butler asserted the dual representation gave Rainbolt an advantage over him in both cases, "getting [him] to walk away from 'civil claim' and sign for a 35yr suspended sentence" in No. CF-2019-00260. R. at 4 (capitalization omitted). In addition, Butler asserted that both Rainbolt and his defense counsel advised him that his "crime was (non-violent)," which was only "partially true" because it is "not 85% violent, but is still a 50% violent crime.  So [he] signed under false pretenses" and would "have to say [he] had (ineffective assistance of counsel)." R. at 4-5 (capitalization omitted). Butler subsequently sent the federal district

---

[1] Butler spells Rainbolt's first name "Carmen," but our review indicates the proper spelling is "Carman."

2

court a letter asserting that the offenses in No. CF-2019-00260 occurred on the Muskogee (Creek) reservation, depriving Oklahoma of jurisdiction to convict him. *See McGirt v. Oklahoma*, 591 U.S. 894 (2020).

On January 16, 2024, the federal district court addressed the § 2254 application. It noted that the state district court had denied Butler's motion to rescind his plea. Its review did not show, however, that Butler had appealed the state court's decision to the Oklahoma Court of Criminal Appeals (OCCA). The federal district court therefore dismissed the § 2254 application without prejudice for failure to exhaust state remedies.

## DISCUSSION

To appeal from the district court's decision, Butler must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Because the district court dismissed the application on procedural grounds, he must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We construe Butler's pro se filings liberally, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526

3

U.S. 838, 842 (1999). This requirement is codified (with certain exceptions that are not invoked here) at 28 U.S.C. § 2254(b)(1). "Although the exhaustion rule is not jurisdictional, it creates a strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021) (internal quotation marks omitted). To exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

In his combined opening brief and application for COA, Butler refers to Oklahoma appellate case number PC-2024-106. A review of the OCCA's docket[2] shows Butler appealed the state district court order denying his motion to rescind his plea in February 2024, and the OCCA decided the appeal, affirming the district court, on June 11, 2024.[3]

Nevertheless, even considering this subsequent development, no reasonable jurist would debate the district court's decision to dismiss the § 2254 application for failure to exhaust. Butler's filing to the OCCA mentioned

---

[2] Butler designates the number as an "Oklahoma Supreme Court" case number, but the case was before the OCCA.

[3] "[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

Rainbolt's alleged conflict of interest and *McGirt*, but it did not assert that Rainbolt and defense counsel misinformed him that the crime was non-violent, causing him to suffer ineffective assistance of counsel. Thus, even though Butler may have exhausted some of the claims he sought to pursue in federal court, it appears he did not exhaust them all. And "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (internal quotation marks omitted).[4]

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Richard E.N. Federico
Circuit Judge

---

[4] A "without prejudice" dismissal for failure to exhaust does not bar a prisoner from refiling § 2254 claims. *See Slack*, 529 U.S. at 486.